Jacqueline MCFADDIN, individually and on behalf of all others similarly situated, Plaintiff-Appellee,

v.

E.A. RENFROE & COMPANY, INC., a Georgia corporation, Defendant-Appellant.

---

Jacqueline McFaddin, Plaintiff-Appellee,

v.

E.A. Renfroe & Company, Inc.,
a Georgia corporation,
Defendant-Appellant.

No. 15-55886, No. 15-56404

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted August 8,
2017 Pasadena, California

Filed October 17, 2017

John Joseph Manier, Ballard, Rosen-berg, Golper & Savitt LLP, Encino, CA, Charles H. Jung, Attorney, Andrew R. Kislik, Attorney, Nassiri & Jung LLP, San Francisco, CA, for Plaintiff-Appellee

Thomas S. Ingrassia, Jenna H. Leyton-Jones, Attorney, Jennifer P. Suberlak, Es-quire, Attorney, Pettit Kohn Ingrassia & Lutz PC, San Diego, CA, Kristin Bryance Metheny, Esquire, Attorney, Burr & For-man LLP, Birmingham, AL, for Defen-dant-Appellant

Before: REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.

## MEMORANDUM *

Virginia A. Phillips, Chief Judge,
Presiding

California law governs the determination of whether the parties' arbitration agree-ment is unconscionable. Under California law, "the strong preference is to sever

*unless* the agreement is permeated by un-conscionability." *Ajamian v. CantorCO2e, L.P.*, 203 Cal. App. 4th 771, 802, 137 Cal. Rptr.3d 773 (2012) (internal quotation marks omitted); *see Poublon v. C.H. Rob-inson Co.*, 846 F.3d 1251, 1272 (9th Cir. 2017). We agree with the district court that the choice of forum provision, the prevailing party provision, and the cost provision are unconscionable. Renfroe stip-ulated it would not enforce the choice of forum provision, and the prevailing party and cost provisions are severable. *See Fit-tante v. Palm Springs Motors, Inc.*, 105 Cal. App. 4th 708, 727, 129 Cal.Rptr.2d 659 (2003). Hence, we vacate its ruling that the entirety of the arbitration agreement is unenforceable.

The district court did not address whether the arbitration agreement's waiv-er of class action claims is enforceable and applies to McFaddin's California's Private Attorneys General Act claim. The district court shall address this issue before recon-sidering whether the agreement remains enforceable.

Appellant's motion for judicial notice (dkt. 55) is denied.

VACATED and REMANDED.

---

* This disposition is not appropriate for publica-tion and is not precedent except as provided by Ninth Circuit Rule 36-3.